# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### Filed: August 20, 2013

```
* * * * * * * * * * * * * *
ISABEL TERRELL,                *      UNPUBLISHED
                               *
                               *      No. 13-334V
              Petitioner,      *
                               *      Special Master Dorsey
v.                             *
                               *      Interim Attorneys' Fees and Costs;
SECRETARY OF HEALTH            *      Withdrawal of counsel; Reasonable Amount
AND HUMAN SERVICES,            *      Requested to which Respondent
                               *      Does not Object.
              Respondent.      *
                               *
* * * * * * * * * * * * * *
```

Anne C. Toale, Maglio, Christopher & Toale, PA, Sarasota, FL, for petitioner.
Traci R. Patton, U.S. Department of Justice, Washington, D.C., for respondent.

## INTERIM ATTORNEYS' FEES AND COSTS DECISION[1]

On May 17, 2013, Isabel Terrell ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that she received a tetanus vaccination on May 21, 2009, and thereafter suffered from a shoulder injury.

On August 13, 2013, the parties filed a "Stipulation of Facts Concerning the Amount of Attorneys' Fees and Costs Reasonably Incurred in Proceedings in this Case to Date"

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) ("Vaccine Act" or "Act"). All citations in this decision to individual sections of the Act are to 42 U.S.C.§ 300aa.

1

("Stipulation"). According to the stipulation, petitioner's counsel, Ms. Anne Toale, informed respondent that she will be "filing a Motion to Withdraw, as petitioner wishes to proceed with her case pro se." Stipulation at 1. The Stipulation also states that respondent does not object to a total award in the amount of $16,516.42 for the attorneys' fees and costs Ms. Toale has incurred in this matter through July 30, 2013. Id.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). As to the timing of an award of fees, in Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008), the United States Court of Appeals for the Federal Circuit explicitly recognized that the Vaccine Act permitted the award of attorneys' fees and costs on an interim basis. Following Avera, the Federal Circuit has clarified that an interim fee award may be made prior to a decision on entitlement. Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1374-1375 ("A special master can often determine at an early stage of the proceedings whether a claim was brought in good faith and with a reasonable basis.") (quoting Avera, 515 F.3d 1352).

In Avera, the Federal Circuit provided examples of circumstances where an interim fee award may be appropriate, such as when the case involved protracted legal proceedings, when costly experts had been retained, or when there was undue hardship. Avera, 515 F.3d at 1352; see also McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 301 (2011) ("some special showing is necessary to warrant interim fees, including but not limited to delineated [Avera] factors . . . . "); Vaccine Rule 13(b). Since Avera, cases have clarified that an award of interim fees is in the special master's discretion and that there are various circumstances under which an interim award is appropriate. See Crutchfield v. Sec'y of Health & Human Serv., No. 09-39V, 2011 WL 3806351, at *5-7 (Fed. Cl. Spec. Mstr. Aug. 4, 2011) (listing cases). One circumstance that has been recognized as appropriate for an award of interim fees is where a petitioner's attorney is withdrawing. See Woods v. Sec'y of Health & Human Servs., 105 Fed. Cl. 148, 154 (2012).

Once it is established that an award of fees is appropriate, the appropriate amount of fees, the "reasonable attorneys' fees," must be determined. 42 U.S.C. § 300aa-15. The determination of the amount of reasonable attorneys' fees is also in the special master's discretion. Shaw, 609 F.3d at 1377 (citing Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993)). In cases where there is no dispute as to the amount of fees claimed, generally Special Masters have awarded a petitioner's counsel that undisputed amount. See e.g., Shaw, 609 F.3d at 1377.

As explained below, petitioner has satisfied the requirements for an award of interim fees.

A.      **Petitioner Has Acted in Good Faith and Has Established A Reasonable Basis for the Claim.**

A review of the record as a whole indicates that the claim was brought in good faith and there was a reasonable basis for it. With regard to good faith, it is clear that petitioner has a subjective belief that the vaccination caused her injury. Respondent has not challenged the presumption of good faith here, and the undersigned is satisfied that petitioner filed this claim

2

earnestly believing that she suffered a vaccine-related injury. As to reasonable basis, the evidence indicates that the claim was and remains feasible, which respondent has not challenged.

### B.    An Interim Fee Award is Appropriate.

Respondent does not object to petitioner's counsel's application for attorneys' fees in this case. Nonetheless, one of the circumstances as delineated in Avera, 515 F.3d at 1352, as being appropriate for the award of interim fees, *i.e.* protracted proceedings, significant expert costs or undue hardship, is present in this case.

The most significant reason for awarding petitioner's counsel fees in this case is that there will be a significant undue hardship suffered, within the meaning of Avera, if petitioner is forced to wait until petitioner's claim is resolved before her former counsel is paid her fees. As recognized by the Court in Woods v. Sec'y of Health & Human Servs., 105 Fed. Cl. 148, 154 (2012), once counsel has withdrawn from a case, there is a hardship that warrants payment of interim fees by virtue of the fact that former counsel is unable to make any future filings, is limited ethically from further participation, may find it difficult to keep apprised of the progress of the case and may not be able to anticipate when she will be paid. As in Woods, it is a hardship for petitioner to have her former counsel not be paid for her representation for a period of time after she no longer represents petitioner. One of the circumstances recognized in Avera as justifying an interim fee award—an undue hardship—is present here. Therefore, payment of interim fees is justified.

### C.    The Amounts Requested Are Reasonable.

Having determined that petitioner's counsel is entitled to fees, the amount that is reasonable must be determined. Respondent does not object to an award of $16,516.42. Stipulation at 1. The undersigned finds that the amount of $16,516.42 in attorneys' fees and costs, to which there is no objection, is reasonable based on this stage of the proceedings. Based on the request's reasonableness, the undersigned **GRANTS** the petitioner's request for an award of interim fees incurred by her counsel as follows:

> **in a check made payable jointly to petitioner (Isabel Terrell) and petitioner's counsel (Anne Toale of Maglio, Christopher & Toale, PA), in the amount of $16,516.42. The interim award check shall be mailed directly to Anne Toale of Maglio, Christopher & Toale, PA, located at 1605 Main Street, Suite 710, Sarasota, FL 34236.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master